Our next case is Eugene Gabrielli v. Secretary of Veterans Affairs, 2022-1505. Mr. Radek, I hope I pronounced your name correctly. Yes, Your Honor, you did. May it please the Court. Mr. Gabrielli, I ask the Court for a very narrow ruling in this case. Before you get into the substance of your argument, it's actually not Mr. Gabrielli who's asking for relief since he's deceased. Ms. Worthy is asking us for relief, right? That is correct, Your Honor, and I apologize. Do we need a motion under Rule 43 of the Appellate Rules to have her substituted in his place? The normal rule is that we can't proceed if the party who's seeking relief is deceased. Your Honor, I admit I am without an answer on that question. I believe it sounds appropriate what you're suggesting, and I apologize to the Court for not submitting a motion to substitute Ms. Worthy. Would you like to make such a motion? Yes, Your Honor, I would like to move to substitute Ms. Worthy into this appeal for the matter of adjudicating the questions before the Court. I'd like to know if the government has a position on that. I don't know if that's appropriate at this time. If you'd like me to address the Court, yes. I mean, we would oppose such a motion for the same reasons that are articulated in our briefing and for the same reasons why the Veterans Court denied a similar motion that was made before that Court. Well, is there a judgment on it? In the meantime, Mr. Adick can proceed with his argument. Thank you. The appellant, Your Honor, asks the Court for a narrow ruling in the case to find that the Veterans Court erred as a matter of law when it failed to address the preclusive effect of a 2002 Ninth Circuit judgment in the Nehmer class action suit. The Court here does not need to decide whether Mr. Gabrielli or Ms. Worthy are Nehmer class members. The Court does not need to find that Ms. Worthy is even an eligible accrued benefits claimant. The Court merely needs to find that the Veterans Court has precluded from finding that 5121A, small a, restricts a Nehmer class member from substituting into an accrued benefits claim and remand the matter to the Veterans Court. Predicate for that argument is that he is a Nehmer class member, isn't it? And it seems to me, and correct me if this is not the right way to look at this case, but it seems to me that all the Veterans Court had before it was a question raised by someone who is an ordinary, preceded in the board, is an ordinary service connection claim. Whether that ordinary service connection claim gives rise to a right of substitution that is beyond what 5121A would permit. Isn't that the only question that's really before us? And if not, why? I don't know that that's the only question. I think the question is at least that narrow. And the reason I say that is because I fully expected from the Veterans Court a decision that said that we can't determine whether substitution is appropriate. In other words, whether or not Ms. Worthy is an eligible accrued benefits claimant without an adjudication of the question of whether she's a Nehmer class member. So to that extent, it feels as though this is kind of a little bit of a chicken and the egg scenario here where we have to find that there's a Nehmer class membership. But he never made the argument, as I understand it, that he never made the argument at the time that he was a Nehmer class member. He would have otherwise been making an entirely different submission to the VA. Isn't that right? That is true. That argument was never made before the board and would never have been made in the course of proceedings. The reason is Mr. Gabrielli, prior to his passing, was arguing for service connection. And that is not an issue in terms of his Nehmer class membership does not come up until you get to the downstream elements. And I think we cited to the Grantham case in our briefs, which talked about it's not appropriate to raise or those issues that are downstream are not ripe before the adjudication of the upstream service connection issues. So because service connection had never been adjudicated, there would have been no reason for Mr. Gabrielli to raise his Nehmer class membership. He was simply arguing before that he was entitled to service connection of certain conditions based on things that happened in service that were related to his actual Agent Orange exposure. And so to that extent, that would never have been raised. And I think that's ultimately our concern, is that there has been no adjudication of that fact of whether or not Ms. Worthy or Mr. Gabrielli were or are Nehmer class members. And that adjudication can only happen at the board. And so we fully expected in this case to see the court do as it had done in other cases and say we cited to one of these cases a non-presidential decision. We didn't cite to it for its presidential value just to illustrate that the court has in the past remanded substitution claims for the board to decide whether or not there is Nehmer class membership. And that was the Bunch case. Are you in any way barred from going back to the VA or the board and contending that he was a Nehmer class member? Doesn't seem to me that there's anything preclusive about the decision in this case so far. To that extent, I don't think there is anything that precludes us from going back and continuing to claim that Ms. Worthy has filed a claim for accrued benefits. It has been denied by the VA. There's nothing in my read of the Nehmer consent decree, which I'm sure that the VA would take issue with my read. But there's nothing in the regulations or the statute that forbids her from going back. The problem is that this case has been going on for 17 years. Mr. Gabrielli filed his claim, I believe, in 2006. And it got all the way up through a memorandum decision from a court that was fairly direct and scathing of the board's lax review of the facts of that case. And he might have had his claim adjudicated before he died, but for that lax review, and might have had his service connection. And so this kind of brings into question some of these policies that underlie substitution that has been adjudicated by the Veterans Court and established that there's no need to go back relitigate all these things. There's no need to have Ms. Worthy go back and relitigate service connection to the extent that it's already been litigated. In other words, right now, had Mr. Gabrielli lived, there would have been a claim at the board with direction from the Veterans Court to provide adequate reasoning in eight various ways as to why his condition was or was not service connected. And Ms. Worthy should not have to go back and start from the beginning to prove all of that up again when it's already been established in the record. We think that the court has jurisdiction over this issue, even though the Secretary has argued it's an application of law to fact. And we point specifically to Appendix 12 to show that the court's decision, the Veterans Court decided as a matter of law that 5121A, small a, allowed the VA to hide from its obligations under the Nehmer Consent Decree. And that was not a decision of fact. That was a decision of law. And the court said that Ms. Worthy does not persuasively argue that the Nehmer Consent Decree alters 5121 small a, which provides an exhaustive list of finding who is eligible to file a claim for accrued benefits. And that was the precise issue that was litigated, that there was a full and fair opportunity for the VA to litigate, and that was necessary to the judgment before the Ninth Circuit in 2002. Granted, the context of that decision was different. In other words, the Ninth Circuit was looking at a different portion of 5121 small a that had to do with a now-repealed two-year limitation on accrued benefits. But the legal issue was identical. Can the VA hide from its obligations under the Nehmer Consent Decree by looking at the strict language of 5121 small a? And we argue that that issue has been litigated. It is entitled to repose. And all that we're asking this court to do is to direct the Veterans Court to give preclusive effect to that decision and address, either on its own if it feels it jurisdiction, or to remand to the board to address whether or not Mr. Gabrielli and or Ms. Worthy are Nehmer class members in the same way that it has done in many other cases. I'm not sure you can equate the issue you want resolved in this case and the one the Ninth Circuit resolved as generally and as easily as you're saying. You would have us read the Nehmer Consent Decree means that none of the limitations of 5121 A are applicable in this type of circumstance? Even though, by your own admission, they were only addressing that two-year limit. They weren't addressing all the other constraints of the statute, were they? Well, that goes to the issue. And I understand the concern, Your Honor, because it does seem to say that if the Ninth Circuit hasn't specifically addressed whether or not a Nehmer class member can substitute, that that's a different issue from whether or not the two-year limitation applies. And those are different factual contexts for the claim. And so if this was a case of claim preclusion, then that might be the case where we would be, I would likely agree with the court that it's not the same claim. But we don't have to have identity of claims when it comes to preclusion. It nearly has to be substantially or materially the same. And the public policy that underlies this concept is to ensure that courts are deciding similar issues in similar ways. But isn't one of the predicates for your collateral estoppel argument that he's the Nehmer class member? It is a predicate to the determination that Miss Worthy can substitute. But it is not a predicate to a court finding in our favor in this case. In fact, there's a separate case involving Nehmer class membership before this court. The parties agree it's unrelated. Explain that last statement to me because I'm not sure I follow you. Why isn't it necessary that he be a Nehmer? Assume that he had conceded unequivocally that he's not a Nehmer class member. How does he win this case? Could you repeat that first portion? Assume that he unequivocally disclaimed being a Nehmer class member. How does he win this case? Which is another way of asking whether he needs to show that he's a Nehmer class member in order to prevail. He, in order to prevail ultimately as a substitute claimant, Miss Worthy does need to show that she's a Nehmer class member. She can't get the opportunity to establish factually that she is a Nehmer class member unless the veterans court sends this case back to the board to make that factual determination. That goes back to the question I asked earlier. Why can't she just... I know the time it takes is a long time. It's burdensome, but as a technical legal matter, can't she go back and say, okay, I didn't succeed on my service connection claim, but he's a Nehmer class member. I want you to pay benefits consistent with the Nehmer class order. I think to a degree, I would agree that she can go back. I think my concern is that that kind of creates the sense that it doesn't prejudice her to have the court's denial in this case that she's not prejudiced. But my question is, why is setting aside prejudice? I acknowledge what you're saying about the time delay, but how can she do anything other than that in the current posture of not having established her Nehmer class status? I'm just not seeing a route to getting to relief for her without crossing through the Nehmer class question. It's a question of which portion of the agency would adjudicate that question. If she was to go right directly to the VA and file a claim saying, I'm a Nehmer class member based on the theories that are outlined in this brief and in other cases, it would be adjudicated by the VA, appealed to the BVA, and ultimately determined by the BVA as a matter of finality before it could be appealed. Right now, the case is postured for exactly that. And so while I agree that we could do that and probably would do that should there be an outcome that's different from the one we're asking, the question here is ultimately one of re-adjudicate something that it can adjudicate right now at the board if the Veterans Court were to remand and determine whether or not Ms. Worthy is or is not a Nehmer class member. And so I understand the concern, and I don't necessarily think that we are foreclosed from following that path. We're just here asking the court for a path that we believe is much more fair and just, which is to allow a Ninth Circuit decision to have preclusive effect so that in this narrow situation, 5121A, small a, cannot limit the application of the Nehmer Consent Decree. Thank you, counsel. We'll give you two minutes for a bubble. Thank you. We'll hear from Mr. Kipora. Good morning, Your Honors, and may it please the court. This appeal should be dismissed because this court lacks jurisdiction over the Veterans Court's application of law to specifically the Veterans Court found that Ms. Worthy was not an appropriate accrued benefits beneficiary under 5121A because she is not a dependent child of the deceased veteran, Mr. Gabrielli. That's the limit of what the Veterans Court found. Now, turning to this issue of the Nehmer Consent Decree, I think it's important to find at the outset that the Nehmer Decree, for lack of a better way of describing it, creates a separate track within the VA benefits process as opposed to an ordinary benefits claim, which is what we have here. The purpose of the Nehmer Consent Decree, initially when it was signed in 1991 and continuing forward to this day, is to have VA go back and re-adjudicate claims that were previously denied before the passage of the Agent Orange Act or any of its amendments. So in other words, it's designed to allow veterans who had denied claims to get the benefit of the act if their claim was denied before their relevant disease would have been afforded the presumption that's in the Agent Orange Act. Mr. Gabrielli's claim was not a previously denied claim. While it admittedly has been going on for some time, his initial claim was filed in 2006, and there were subsequent claims after that, but the process was still ongoing. So he does not fit, setting aside the geographic issue, which I can get to in a moment, he does not fit the Nehmer class because he did not have a previously denied claim. He now has a denied claim. Why does he now not qualify? Why does she not qualify under Nehmer? Well, Your Honor, because again, the purpose of the Nehmer Decree was to go back and afford the benefit of the presumption in the Agent Orange Act to a claim that was already denied. Since the Agent Orange Act- At the time prior to the decision in Nehmer or prior to what? Oh, yeah. If somebody came up today and said, I'm entitled to relief, and because many years ago, I was exposed to Agent Orange in Vietnam, I believe, and was denied relief. Assume that. Could that person not say, okay, I am now a Nehmer class member, and I'm entitled to relief under Nehmer? Well, just to clarify, Your Honor, when you say someone now comes forward, in other words, we're talking about somebody who's, say, filing a claim in- 2015, let's say. Okay. File a claim. The claim is denied. Right. And they come back and they go to the VA and they say, I am a person who has had a claim denied. I was in Vietnam. I was exposed to Agent Orange. I am now a member of the Nehmer class. Why isn't that correct? Because, Your Honor, all that the Nehmer class does is it obligates VA to go back and apply the Agent Orange Act to a previously denied claim. In the scenario you described, when the veteran would have come forward to make their claim, the benefits process would have applied the Agent Orange Act in the regular course. Even though in his particular case, the 2015 claimant, the VA made a mistake and did not apply the Agent Orange Act correctly. Really, are you saying, in other words, that Nehmer applies only to veterans whose claims were denied prior to the enactment of the Agent Orange statute? The Agent Orange statute or any of the subsequent amendments. Over the years, additional diseases were added. So, every time a disease was added, the VA would go back. So, if you were not eligible, well, go ahead. Well, just to clarify in that particular instance, Your Honor, if a veteran came forward and said, I had a disease that would be presumptively service connected under 1116, the Agent Orange Act, and the VA denied that claim, then their route of would be in the ordinary course. They would appeal to the BVA and then, you know, to the veterans court if necessary and onward. But they would be applying that statute. All Nehmer does is it obligates VA to go back to a claim where Agent Orange was not applied. If it was applied improperly, if 1116 was applied improperly, then that's a question to bring up through the veterans benefits process. But in that case, if that's the only route open to such a veteran, then the substitution rights would be narrower. Not so much substitution, but beneficiary class would be smaller than the beneficiary class under Nehmer, correct? The beneficiary class would be limited by 5121, which is what we have here. Yes. Yes. And that kind of then brings me to this discussion about this Ninth Circuit decision and this question of issue preclusion. I think for the most part, I agree with what counsel said, except that in admitting that the Ninth Circuit was discussing a different part of the statute, I think we've sort of established that there can be no issue preclusion here. And furthermore, I'd like to clarify something. The Ninth Circuit did not hold that VA was prevented from saying that 5121 limited the Nehmer decree. In fact, what the Ninth Circuit held was that at the time, there was a two-year retroactivity limitation in 5121 in that time it did. There was a two-year limitation. What the Ninth Circuit held was that in signing the Nehmer decree, the secretary had gone beyond 5121 and used his equitable authority under 38 USC 503 to go beyond that retroactivity provision. So the court did not say that 5121 can't limit the Nehmer decree. It said the secretary expressly in the Nehmer decree had gone beyond it in a different statute. And I think that's important here because what the appellant is asking this court to do is actually the reverse. They're asking the court to say that the Nehmer decree, in fact, expands 5121 rather than what's actually being argued, which is somehow that 5121 can't limit the Nehmer decree. So there's a number of different problems with this issue preclusion argument. And as we discussed in our briefing, that's why we feel that this is simply not a question of issue preclusion. Are we evaluating whether the issue here and the issue in the Ninth Circuit are identical or just materially or substantially the same? Well, I think under either standard, Your Honor, there's a large difference, to be quite frank, under either standard. The questions being presented are very, very different on any circuit decision was discussing this issue about retroactivity. But the argument presented here is vastly different from what was being raised in the Ninth Circuit. So I think in either standard, it fails. Did the Veterans Court consider the issue preclusion question itself? No, it didn't, Your Honor, because again, this issue about Nehmer wasn't raised until the substitution motion. And the Veterans Court, properly, we believe, looked at the question of whether or not Ms. Worthy was eligible to substitute under 5121, Big A. And Nehmer simply has no impact on that, as I said, because it's the separate track that only requires VA to retroactively go back. I do want to hear you on the Rule 43A, Federal Appellate Procedure 43A, what we now have, essentially, I take as a motion to substitute, which I understand to be solely for the purpose of Ms. Worthy being an appellant in our court, which I would think would be governed by different standards than the motion to substitute that the Veterans Court had. It's just really whether we have jurisdiction to do what we're doing, review the briefs, hear the argument, and make a decision. Are you prepared to say what the government's position is on that limited motion? I confess, Your Honor, without having prepared for that question, I can't speak to the substance of it. What I would say is that we would oppose it because again, we're making a jurisdictional argument here as to... It is a separate question. It's a separate question. I understand that. I guess the question really putting... I'm really just following Judge Stark's characterization, but the question to me comes down to whether she is entitled to be substituted for purposes of right or wrong. Your position would seem to suggest that she does not have the right to come to this court to make that argument, even if... Unless she can demonstrate before she makes the motion that she wins her case. That does not sound intuitively attractive. Well, again, without having prepared on the standards of the rule and looking at prior case law on it, I guess a couple of things I'd like to point out there is there would be an issue with Ms. Worthy coming to this court if she did not have a prior decision below, is one thing that comes to mind, that without that substitution at the Veterans Court, for her to raise it independently on her own, I think raises an issue. But again, I apologize without having prepared the substance of it. I wish I could give you a more fulsome answer. It is fair to say though that the government did not move to dismiss this appeal for lack of an appellant, correct? That is correct, Your Honor. And do you want to help us with that, how we could say there is a proper appellant? I don't know if you thought it through from that perspective that maybe a motion to substitute isn't necessary. But then I just don't know who the appellant is. Well, again, Your Honor, I think there was a... We were looking at it primarily from the substitution question at the Veterans Court. So I think there... Again, we have this decision that's on appeal. But again, the Veterans Court was dismissing it because there was not a proper substitute. So it's almost like we're going a layer above that. And... We are, but she wants to demonstrate that the Veterans Court made a mistake. Right. And what you're saying, if you oppose, is that she's not entitled  to a substitute? Yes, Your Honor. No, I understand your point. I guess what I'm thinking through is, and I'd have to look back, in looking at the Veterans Court's decision, as a procedural matter, without the Veterans Court substituting her, and the court found then that if Mr. Gabrielli's claim ended when he passed away, then I'd have to say yes. Because Ms. Worthy would not be on her own standing, rather than as a substitute claimant, would not have a claim before this court. Because there would be no decision to which she was a party below. So I think that that would be an issue that would have to be addressed first. I'd be happy this is not a question on that topic, and you may have already addressed it, but does Ms. Niemer have another avenue by which she could press for a claim, or at least potentially press it? Yes, Your Honor. I think what counsel described is in fact correct. If Ms. Worthy had raised this at the VA, and had been denied, then she would be able to avail herself of the appellate process through the board. Can she still do that now? Yes. Yes. And sort of to that point, I think there's also, we mentioned in the statement of related cases, that before this court, it was submitted last month, there is this Constantine case that does address this issue. And the Veterans Court found that it did not, or it chose not to exercise jurisdiction in that case, over the question of the scope of the Niemer decree. I see my time has expired. If there's no further questions, we would respectfully request that the court dismiss this appeal, or in the alternative, affirm the finding of the Veterans Court. Thank you. Thank you, counsel. Mr. Adick, two minutes. Two brief points, possibly a third. Counsel made the argument that Niemer does not apply in this case because, to Mr. Gabrielli, because he does not have a previously denied claim. That argument did not appear in their that because it wasn't raised in their response. And so I don't know how to respond to that, other than to say that I don't believe that that's a basis for denying relief here at this court. The second piece that, Your Honor, you asked counsel if the Veterans Court considered issue preclusion, and my colleague answered that correctly, that no, the court did not. And, but for a different reason. The court did not consider that issue, counsel, my colleague says, because Niemer wasn't raised before the board. And that, we've already addressed that piece of it in our briefs here at argument. The piece that's concerning to me is that we did raise issue preclusion to the Veterans Court in the motion to substitute, in the reply. In the motion to substitute, we asked the court to substitute based on her Niemer class membership, thinking that we were going to get a remand to have that adjudicated by the board. In the response, the secretary first raised this issue that 5121 small A limited the application of Niemer to this particular case. And in our reply, we pointed out an appendix, and that's in appendix at 322. We point out that there is this Niemer decision from the Ninth Circuit in 2002 that precluded review and was entitled to still did not resolve the issue. And so that's underlying all of this. That's our primary concern. But you're asking us at this point to resolve the issue preclusion question, correct? Not to send it back to the Veterans Court to do so. I will take a win anyway that the court wants to give it to me, Your Honor. Not to be flippant at all. But if the court does feel that there's a procedural irregularity that prevents them from addressing this, then I think that that could be a basis to remand it to the Veterans Court to specifically decide they're in the best position, I think, at this point to determine whether they need additional facts to make that decision in terms of substitution or whether there is substantial and material similarity between this case and the Ninth Circuit case that the court could later review if they found that there was not. We submit our argument, ask the court to amend to admit Ms. Worthy as the appellant here within the next 24 hours. Thank you, counsel. We appreciate both arguments and the case is submitted.